DORÉ, Judge.
This is a suit by the plaintiff, -Guaranty Bank & Trust Company, a banking corporation, organized and existing under the laws of the State of Louisiana, haying its principal place of business and domiciled at Hammond, and having a branch thereof at the Town of Amite City, in Tangipahoa Parish, against the Town of Amite City for the payment of interest coupons on certain paving certificates issued by the said Town. The coupons are designated as Coupons No. 5 formerly attached to Paving Certificates 8 and 9 due February 6, 1950, each for the sum of $44, totalling $88, the certificates themselves becoming due on February 6, 1953 and 1954 respectively; and as Coupon No. 4 of Paving Certificates Nos. 5, 6, 7, 8, 9 and 10 due February 19, 4950, each for the sum of $32, totalling $192, said certificates themselves maturing on February 19, 1951, 1952, 1953, 1954, 1955 and 1956 respectively.
The Town of Amite City resists payment of the coupons contending that the certificates to which these coupons were attached had been paid prior to the due date of the coupons sued upon and that the interest coupons falling due after payment of the paving certificates were no longer valid obligations of the Town for the simple reason that the interest, which was presented by the coupons, is no longer due after payment of the principal obligation which, in this case, was the paving certificates themselves.
The trial of the case resulted in a judgment in favor of the plaintiff and against the defendant in the fuil sum of $88 with five per cent per annum interest thereon from February 6, 1950 until paid and in the further sum of $192.50 with five per cent per annum interest thereon from date of February 19, 1950 until paid and all costs of the suit. Defendant has appealed.
On February 6, 1945, the Town of Amite City issued paving certificates in the total amount of $11,000, represented by ten certificates of the denomination of $1,400 each, being numbered 1 to 10 consecutively and maturing one to ten years after date respectively, bearing 4% interest payable annually, said interest being represented by interest coupons attached to the .various paving certificates of that issue. On February 19, 1946, ■ the said Town of Amite City issued another series of paving-certificates in the total amount of $8,000, represented by ten certificates of the denomination of $800 each, being numbered 1 to 10 consecutively and maturing one to ten years after date respectively, all bearing 4% interest payable annually, said interest being represented by interest coupons attached to the various paving certificates of that issue.
All of these certificates were issued in accordance with Act 92 of 1934, and each of the said certificates contained the provision that “This certificate and all others of the same issue shall be subject'to call at par and accrued interest to date of such call by the Town of Amite City, Louisiana, on any interest paying date, provided that in the event of such call the certificate first maturing shall be called in preference to certificate of later maturities.” All of these certificates bear the endorsement: “Principal and interest payable at the Town Hall, Amite City or at the Guaranty Bank and Trust Company, Amite, Louisiana”.
The plaintiff, Guaranty Bank & Trust Company, bought the entire series of paving certificates of both said issues from the Town of Amite City, and thereby became both the holder of the paving certificates and the paying agent thereof. At all times, from the time of purchase until the payments of the certificates, the plaintiff was the owner and holder of the certificates and attached interest coupons. From now on, we shall refer to series of February 6, 1945 as “First Series”, and to series of February 19, 1946 as “Second Series”; we shall refer to the parties litigant as “plaintiff” and “defendant”.
*504 The defendánt, availing itself of the privilege given in the- certificates on February 6, 1946, issued its warrant or -check payable to defendant, on its hank at Amite, Louisiana for the sum of $5,940, to retire Certificates Nos; 1, 2, 3, 4, and 5 -or. those due oil February 6, 1946, 1947, 1948, 1949 and 1950, amounting to $5,500 and the then 10 maturing interest coupons, .all of First Issue. Plaintiff cashed this voucher on February 6, 4946, and returned to defendants the five paving certificates, and the can-celled coupons. • There is no question about this transaction. There remained of this issue Certificates Nos. 6, 7, 8, 9 and 10, with maturing coupons due on February 6, 1948 on all of said certificates outstanding, .
On February 6, 1948, defendant issued its warrant payable to plaintiff on its branch bank at Amite, Louisiana for the sum of $3,520 to retire Certificates Nos. 6, 7 and 8,,or those maturing February 6, 1951, 1952 and 1953, amounting to $3,-300 and the then five interest coupons. This -check or voucher was cashed by plaintiff on February 6, 1948. The duplicate deposit slip -contains the notation “To pay street paving certificates payable February 6, 1951, 1952- and 1953. $3300.00. Interest $220.00.” Defendant’s ledger sheet, (Amite Branch), shows “Town of Amite (Street Paving Bonds and Coupons due 2-6-48), To pay Street Paving Certificates payable February 6, 1951, 1952-1953. Interest. Depo.sit, February 6, 1948, $3520.00.” Against this ledger sheet, appears the following charged slips: “3/11/1948, Town of Amite, Due Feb. 6, 1948. We charge your account and return herewith marked X below:
“Street paving, 5 cps @ 44.00 $220.00 Total $220.00, Guaranty Bank & Trust Co”.
The account is charged for this amount on March 11, 1948, and the ledger sheet shows a balance of date of March 11, 1948 of. $3,-300. ' The- cancelled coupons were No. 3, due on February 6, 1948, on Certificates 6, 7, 8, 9 and 10. It is to be noted at this time that plaintiff, Amite branch, acted in accordance with the mandate contained on the deposit slip and ledger sheet of February 6, 1948. On March 27, 1950, there appears on the ledger sheet a charge of $3,300,. which balances the said ledger sheet. This charge is in accordance with a ■charge slip of plaintiff, Amite branch or office, which reads as follows:
“Amite, La., 3/27, 1950
“Town of Amite (Paving certificates)
“We charged Your Account and return herewith Marked X below:
“Cer #6-7-8 due 1951, 1952-1953 @1140.00 each $3300.00.”
This was also in conformity with its mandate, although some two years and'a month later. In returning the bonds, plaintiff failed to return Coupons 4 and 5 of each of said bonds in that it was not in -conformity with the mandate. However, only one coupon, that is, Coupon No. 5 of Certificate 8 forms a part of this suit.
On February 2, 1949, defendant' issued its warrant or check- payable to plaintiff on its branch bank at Amite for the sum of $1,188 to retire Certificate No. 9, maturing February 6, 1954, $1,100, and interest due on Certificates Nos.' 9 and 10, or $88,00, or Coupon No. 4 of said Certificates 9 and 10. Plaintiff’s ledger sheet shows that it was carried as a deposit, like in all other cases as: “Town of Amite, To Redeem Paving Certificate #9 Due Feb. 6, 1949 and coupons on # 9 &, 10 @ $44.00”. These coupons are No. 4 on the said certificates. On this ledger sheet, we find. a debit or charge of $220. This is in accordance -with a charg'e slip showing that plaintiff had charged this, account, which was a special account dedicated to a specific mandate of retiring -Certificate No. 9, and Coupon No. 4 on Certificates 9 and 10 of the series under discussion, with five cancelled interest coupons of $44 each of Certificates 6, 7, 8, 9 and 10. We are of. the opinion that the depository or paying., agent, that is plaintiff in this -case, .was not authorized to do this. However, we. find, without any deposit slip or transfer of any-kind on-behalf of defendant, that on March 30, 1950, the ledger sheet was credited by a deposit of $132 to make up the sum of $1,100, the amount of Certificate No. 9. On the same date, that is March *505 30, 1950, more than a year after the necessary amount had been deposited to retire Certificate No. 9 as per the mandate of deposit, plaintiff, as holder of the said certificate and paying agent therefor, charged this account with $1,100 in retirement of said Certificate No. 9 and sent to defendant the said certificate, however, without Coupon No. 5 being attached. This coupon forms a part of its demand.
Under these facts, we are of the opinion that the plaintiff should not recover on Coupon No. 5 of Certificates 8 and 9 in that the certificates should have been paid on the dates plaintiff received and had in its hands and under its. control the sums of money left in its charge to discharge the certificates. We'are not dealing with two' banks. We are dealing with only one hank; the employees of the Amite branch are employees of plaintiff as much as those of the parent hank at Hammond. The action or inaction of the branch bank is the action or.. inaction, of the parent hank. The 'branch bank was the depository and paying agent; the parent bank was the owner of the certificates. The money to retire these certificates and the interest coupons were, on der posit with the knowledge and consent of the depository and paying agent;' the . parent bank, the owner, and holder of these certificates knew or should have known the maturity dates of these certificates and knew that its branch bank, or itself as far as that goes, was the depository of the funds and the paying agent to retire these certificates and interest coupons. It has not offered any reasonable excuse for the delay in its action. We see no valid reason to mulct and penalize the Town of Amite City for the neglect and inaction of plaintiff.
Now turning to the Second Series.
On February 17, 1947, defendant issued its voucher or check in favor of plaintiff, drawn on its Amite Branch, for the sum of $1,920 to pay Certificates 1 and 2, each for the sum of $800, and Coupon No. 1 due on all certificates, 10 @ $32 each or $320. These certificates and Coupon No. 1 seem to have been retired in the same manner as the first five of the First Series. In fact, it is not questioned. Therefore, there remained eight certificates and the coupons outstanding. As previously stated, the payment or retirement of the certificates and attached coupons was to be made on February 19, 1947, and each succeeding year. There remained the sum of $6,400, and coupons of $32 each.
On February 19, 1948, defendant issued its voucher or check in.favor of plaintiff, on its Amite Branch, for the sum of $1,856 to pay Paving Certificates 3 and 4 due February 19, 1949 and 1950, $1,600 and 8 interest coupons @ $32 each or $256. The ledger, sheet is in accordance with the. voucher and duplicate deposit slip. According to this ledger sheet, there seems to have been an error committed by the Amite Branch in this deposit or handling this account. The ledger sheet shows that on March 11, 1948, the sum of $1,088 was charged off. The charge slip shows : “One bond, $800.00,. 9 cps @ $32,00', $288.00'”. The number of the certificate's not shown; included in’ the nine coupons cancelled is Coupon No. 2 of Certificate No. 2; this left a balance of $768 as of March 11, 1948. On March 15, 1949, there is a credit or deposit of'$800; this appears to have been “transferred from Town of Amite (To pay Paving Cert.”). On the same day, the plaintiff, Amite Branch, entered a charge on this ledger sheet to the amount of $1,056, made up of “1 Bond, amount $800.00, 8 cps @ 32, amount $256.00, Total $1056.00”. There is no explanation as to the number of the certificate but the cancelled coupons are No. 3 and presumably the certificate was No. 3. The ledger sheet carries two unexplained deposits of $128, and $160, each of date of March 30, 1950. On that date, that is March 30,1950, there appears a debit or charge of $800; that is explained by a' charge slip reading as follows, “Trans to #5 (this Ledger Sheet) to cover Cert #4 due 2/19/50. Amount $800.00.”
On February 2, 1949, the defendant issued its voucher or check in favor of plaintiff, on its Amite Branch, for the sum of $1,792, in payment of paving certificates Nos. 5 and 6, $1,600.00, and six interest coupons of $32 each or $192. This voucher was cashed on February 2,1949. The ledger *506 sheet of plaintiff, its Amite Branch, shows the deposit of $1,792 of date of February 2, 1949. Against this account, there is a charge slip of plaintiff showing a debit of $1,600 of date of 3/27/1950 or March 27, 1950, more than a year after the deposit, in payment of “Cer. #5 & 6, 2/19/51 & 2/19/52, Amount $1600.00.” These two certificates were returned to defendant however without Interest Coupons 4 arid 5. Coupon 4 of each of these certificates form a part of plaintiff’s demand. On the same ledger sheet appear, of date of March 30, 1950, two unexplained charges of $160 and $32, showing the ledger sheet to be balanced on that day.
On February 9, 1950, defendant issued its voucher or check to plaintiff, on its Amite. Branch, for the sum of $928 in payment of Certificate No. 7, due February 19, 1953, and 4 interest coupons of $32 each attached to Certificates 7, 8, 9 and 10. The ledger sheet of plaintiff, Amite Branch, shows a deposit on February 9, 1950, of $928, “To Redeem Certificate #7 of Project #3, (Second Issue) Due Feb. 19, 1953, 4% Interest on Certificates 7, 8, 9 and 10.” On March 30, 1950, the ledger sheet shows a charge of $800, explained by a charge slip stating “Cer. # 7. due 2/19/53, $800.00.” This was in accordance with its mandate. The cancelled certificate was remitted to defendant, lacking however of Coupon No. 4 of this certificate and of Certificates 8, 9 and 10. These four interest coupons complete plaintiff’s claim on the second issue. It is to be noted that the ledger sheet of February 9,1950, shows a charge of $128, which amount was to be used in the payment of Coupon No. 4 of Certificates 7, 8, 9 and 10. This charge is evidenced by a charge slip of plaintiff, its Amite Branch, reading as follows: “Trans to #5 to cover Cer #4 due 2/19/50. $128,00.” It is beyond our understanding how plaintiff, through its Amite Branch, could disregard the mandate of defendant and apply this sum to any other indebtedness which it thought defendant might owe.
From the above it appears to us that the obligation of this second issue, as in the case of the first issue, has been completely discharged.
The plaintiff, in brief and oral argument, argues that it had no control over the several deposits as evidenced by its ledger sheets and duplicate deposit slips. The evidence destroys its argument. All of the moneys deposited for specific purposes were all drawn out from the accounts not by any acts of defendant but altogether by plaintiff through its Amite Branch. Plaintiff at no time consulted defendant in withdrawing the several sums of money.
 Plaintiff further contends that this action is controlled by Code of Practice Articles 410 and 413. We do not see wherein these articles are applicable. But admitting that they are applicable, then we say that the plaintiff was fully notified by defendant in calling the certificates prior to maturity and on the day specified for such call, that is, on any maturity date of either the certificates or the interest coupons. Plaintiff loses sight of the fact that it, through its Amite Bank, had notice of the issuance of the several vouchers and their purposes. The vouchers or checks were all issued to plaintiff. If the theory of plaintiff be correct, then it denies that the Amite Branch could cash these vouchers as they were all issued to plaintiff, yet the Amite Branch cashed or charged defendant’s account and opened new ledger accounts for each check or voucher, designating each ledger account for the specific purposes for which they were opened. For' these purposes,--the creditor, the. plaintiff, became the debtor for each amount.
For these reasons assigned the judgment is reversed and plaintiff’s suit dismissed at its costs.